**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Steve Merchant

      v.                           Civil No. 09-cv-412-SM

Northern New Hampshire
Correctional Facility,
Larry Blaisdell, Warden

**REPORT AND RECOMMENDATION**

Before the Court is pro se plaintiff Steve Merchant's
complaint (doc. no. 1).  Merchant has asserted that defendant,
Northern New Hampshire Correctional Facility ("NCF") Warden Larry
Blaisdell, has violated Merchant's Eighth Amendment right to
humane conditions of confinement by directing that a restitution
order be paid from Merchant's inmate account at a rate that
causes Merchant to have insufficient funds to purchase hygiene
supplies.  The Complaint (doc. no. 1) is before me for
preliminary review to determine, among other things, if it
contains any claim upon which relief might be granted.  See 28
U.S.C. § 1915A; United States District Court, District of New
Hampshire, Local Rule ("LR") 4.3(d)(2).

Standard of Review

Under LR 4.3(d)(2), when an incarcerated plaintiff commences
an action pro se, the magistrate judge conducts a preliminary
review.  In conducting a preliminary review, the court construes

all of the factual assertions in pro se pleadings liberally,
however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89,
94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97,
106 (1976), to construe pro se pleadings liberally in favor of
the pro se party).  "The policy behind affording pro se
plaintiffs liberal interpretation is that if they present
sufficient facts, the court may intuit the correct cause of
action, even if it was imperfectly pled."  Ahmed v. Rosenblatt,
118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United
States, 540 U.S. 375, 381 (2003) (courts may construe pro se
pleadings to avoid inappropriately stringent rules and
unnecessary dismissals).  This review ensures that pro se
pleadings are given fair and meaningful consideration.

     To determine if a pro se complaint should be dismissed for
failing to state a claim on which relief could be granted, the
Court must consider whether the complaint, construed liberally,
see Erickson, 551 U.S. at 94, "contain[s] sufficient factual
matter, accepted as true, to 'state a claim to relief that is
plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S. ___, ___,
129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has
facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." Id. Inferences
reasonably drawn from the plaintiff's factual allegations must be
accepted as true, but the Court is not bound to credit legal
conclusions, labels, or naked assertions, "devoid of 'further
factual enhancement.'" Id. (citation omitted). Determining if a
complaint states a viable claim is a "context-specific task that
requires the reviewing court to draw on its judicial experience
and common sense." Id. at 1950 (citation omitted).

### Background

Merchant is an inmate at NCF. Imprisoned for almost twenty
years, Merchant has limited financial resources. His monthly
income is $20.00, consisting of so-called state pay. He receives
no money from any other source. Merchant asserts that due to a
disability, he has been unable to work at a prison job at NCF.

Beginning in November 2000, at Warden Blaisdell's direction,
the prison began debiting Merchant's inmate account at a rate of
$10.00 per month to make payments on a $10,000 restitution order.
The monthly debit, one half of Merchant's monthly income, has
caused Merchant to have insufficient funds to purchase needed
hygiene supplies.

On September 28, 2009, Merchant filed an inmate request slip complaining that he lacked sufficient funds to purchase hygiene items.  Merchant requested that the debited restitution payments be reduced to $3.00 per month.  Unit Manager Robert Thyng responded that Merchant's "restitution is based upon a standard policy and formula," and that the amount cannot be reduced. Thyng concluded by noting that Merchant "can request emergency hygiene supplies from the unit team."

Merchant filed an appeal with the Commissioner's office, challenging the decision not to reduce his payments.  In his appeal, Merchant reiterated the request for a reduced payment schedule, based on his financial problems, disability, lack of a job, and need for hygiene supplies.  On behalf of the Commissioner's Office, Capt. Chris Kench denied that request, stating that the Commissioner was not interested in making an exception to prison policy in Merchant's case.

Merchant's next step was to file this action in federal court.  Without challenging the validity of the restitution order or the total amount due, Merchant asserts only one claim in this case[1]:

---

[1]The claim, identified herein, is considered to be the only claim raised in the complaint (doc. no. 1).  If Merchant objects

>Warden Blaisdell is liable under 42 U.S.C. § 1983 for
>violating the Eighth Amendment's prohibition on
>inhumane conditions of confinement by directing that
>Merchant's inmate account be debited each month in an
>amount that causes him to have insufficient funds to
>purchase hygiene items.

The relief requested includes an order directing the Warden to
reduce the monthly payment plan from the current level of $10.00
per month to a lower rate of $3.00 per month.

<u>Discussion</u>

The Eighth Amendment's prohibition on cruel and unusual
punishment applies to the States through the Due Process Clause
of the Fourteenth Amendment.  <u>See</u> <u>Robinson v. California</u>, 370
U.S. 660, 666-67 (1962).  To prove a violation of the Eighth
Amendment, an inmate must show (1) that the deprivation alleged
is "objectively, sufficiently serious" such that the inmate was
denied "the minimal civilized measure of life's necessities" and
(2) that the prison official possessed a "sufficiently culpable
state of mind," namely, "deliberate indifference to inmate health
or safety."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994)
(quotation marks and citations omitted).

Here, Merchant has asserted that the prison withdraws $10.00

to the claim as identified, he must do so by properly filing an
objection to this Report and Recommendation or by properly moving
to amend his complaint.

5

per month from his inmate account to make payments on a
restitution order, and that, as a consequence of that payment
schedule, Merchant lacks sufficient funds to purchase the hygiene
products that he needs.  Merchant has not specifically alleged,
however, that he lacks all access to soap, toothpaste, or other
items necessary for basic hygiene.

Hygiene products may be provided at no cost to indigent
prisoners.  Robert Thyng's response to Merchant's inmate request
slip, filed as an attachment to the complaint (doc. no. 1) and
construed to constitute part of the complaint for all purposes,
see Fed. R. Civ. P. 15(c), indicates that such emergency hygiene
supplies are available from the prison.  Merchant has not alleged
that such supplies would be inadequate to satisfy his minimum
needs, or that the prison has refused to provide emergency
supplies to him.  See Sellers v. Worholtz, 86 Fed. Appx. 398, 400
(10th Cir. 2004) (dismissing claim of Eighth Amendment violation,
challenging prison's deduction of fees from inmate account that
precluded inmate from using account to purchase hygiene products,
because prisoner failed to allege that he had been denied free
"indigent package" of hygiene supplies); cf. Whitington v. Ortiz,
307 Fed. Appx. 179, 186-88 (10th Cir. 2009) (inmate forced to

choose between paying costs of litigation and suffering deprivation of hygiene items for substantial period of time, which resulted in physical harm, stated claim actionable under Eighth Amendment).  Because the facts alleged by Merchant are insufficient to state a claim for relief based on the Eighth Amendment, Merchant's section 1983 claim should be dismissed.

## Conclusion

For the foregoing reasons, I recommend that Merchant's complaint (doc. no. 1) be dismissed.  Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: July 12, 2010

cc:  Steve Merchant, pro se

LBM:nmd

7